1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11              Respondent,              No. CR S-97-0228 GEB DAD P

12        vs.

13   LEOFREDO LOPEZ,

14              Movant.                  FINDINGS AND RECOMMENDATIONS

15   _____/

16              Movant is a federal prisoner proceeding pro se with an amended motion to vacate,

17   set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255.  Movant challenges his

18   1997 conviction on charges of conspiracy to distribute methamphetamine in violation of 21

19   U.S.C. §§ 846 and 841(a)(1) (Count 1) and possession of methamphetamine with intent to

20   distribute in violation of 21 U.S.C. § 841(a)(1) (Count 2).  Movant was convicted following a

21   jury trial and sentenced on March 20, 1998 to a term of 292 months in the custody of the United

22   States Bureau of Prisons with a five year term of supervised release to follow.  Judgment was

23   entered on March 27, 1998.

24   /////

25   /////

26   /////

PROCEDURAL HISTORY

Following the entry of judgment, movant filed an appeal with the United States Court of Appeals for the Ninth Circuit.  On June 22, 1999, his judgment of conviction was affirmed on appeal.  (Doc. No. 109.)

On May 22, 2000, movant filed in this court his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Therein, movant claimed ineffective assistance of trial counsel, lack of jurisdiction and misconduct by defense counsel.  On June 2, 2000, the court ordered the respondent to file a response.  The government's response was subsequently filed on June 28, 2000.

On November 27, 2000, movant sought to dismiss all of his then-pending claims with prejudice on the grounds that "those claims, while filed in good faith, [were] frivolous, unintelligible, meritless and without a factual basis." (Mot. to Amend at p.1.)  Instead, movant asked that his motion proceed on a claim based on the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  On March 4, 2002, the court ordered movant to file a motion requesting leave to file an amended motion along with a proposed amended § 2255 motion.

On May 14, 2002, the court filed findings and recommendations recommending that this action be dismissed due to movant's failure to comply with the court's March 2, 2002 order.  Movant filed objections.  On June 28, 2002, movant was granted an extension of time to file and serve his amended § 2255 motion.  On September 12, 2002, movant was granted another extension of time to file his amended motion.  On November 4, 2002, the court vacated the findings and recommendations and granted movant a final extension of time to file his amended motion.

The amended motion pursuant to 28 U.S.C. § 2255 was finally filed on November 14, 2002.  Therein movant presented three claims all alleging ineffective assistance on the part of

/////

/////

1  his trial counsel.  The amended motion did not include a claim under Apprendi.[1]  On April 4,

2  2003, the court ordered respondent to file an amended answer or response.  The government's

3  response to the amended motion was filed on May 2, 2003.  Movant filed his reply on June 12,

4  2003.

5  MOVANT'S CONTENTIONS

6  Movant claims that his defense attorney, Assistant Federal Defender Mark

7  Reichel, provided ineffective assistance of counsel.  Specifically, he claims that his trial counsel:

8  (1) improperly advised him to proceed to trial rather than to accept a plea bargain; (2) denied

9  movant his right to testify at the trial by failing to call him as a witness; and (3) failed at

10  sentencing to argue that movant's offense level under the sentencing guidelines should be

11  reduced because of movant's role as a minor participant in the offense.  Each of these claims will

12  be addressed below.

13  I.  Claim One:  Counsel's Advice to Proceed to Trial

14  Movant claims that he wanted to accept a plea bargain in his case but that his

15  attorney persuaded him to go to trial by convincing him there was insufficient evidence to prove

16  a conspiracy between himself and his co-defendants.  (Am. Mot. at 2.)  Relying on Strickland v.

17  Washington, 466 U.S. 668 (1984), movant argues that this advice constituted a "deficient

18  performance" because his counsel's conclusion that he "was likely to be acquitted [sic] is well

19  below the requisite standard of reasonableness demanded of criminal defense attorneys."  (Am.

20  Mot. at 4.)  Movant also argues that the prejudice he suffered as a result of his counsel's error is

21  apparent.  In this regard, movant observes that the sentence he received is more severe than what

22  would have been imposed had he accepted the government's plea offer.  Movant also contends

23

---

24  [1]  In Apprendi, the Supreme Court held that for purposes of federal constitutional law,
"[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond

25  the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable
doubt."  Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  See also Davis v. Woodford, 446

26  F.3d 957, 963 (9th Cir. 2006).

that his two co-defendants were more culpable than he and yet his sentence was significantly

longer than the sentences they received under their plea agreements.  In his declaration attached

to his motion, movant asserts:

> [t]hat I desired a plea agreement, and to avoid trial.  However, my
> counsel, Mark Reichel, informed me that there existed insufficient
> evidence to prove that I was involved with the conspiracy, and that
> I would most likely be acquitted at trial.  I believed my counsel's
> legal conclusion to be accurate, based upon my inexperience in
> law.  Therefore, my decision to proceed to trial was fully based
> thereon.

(Am. Mot. at 10.)  Movant has provided the court no additional evidence or facts in support of

this claim.

II.  Claim Two:  Counsel's Failure to Have Movant Testify

Movant next contends that he "insisted" that his trial counsel allow him to testify

at trial but that attorney Reichel "simply failed to call Lopez to the stand."  (Am. Mot. at 5.)

Movant claims he was willing to testify and the fact that his counsel failed to call him as a

witness "essentially left Lopez with no counsel 'altogether.'"  (Id.)

III.  Claim Three:  Counsel's Failure to Challenge the U.S. Sentencing Guidelines

Finally, movant contends that even though he was less culpable than his co-

defendants, his counsel "failed to challenge the PSR or otherwise move the sentencing court for a

deduction based on his lesser culpability."  (Id. at 6.)  Citing to §§ 3B1.2(a) - (b) of the United

States Sentencing Guidelines, movant argues that in the guideline calculation his adjusted

offense level should have been decreased due to his role in the commitment offense as a minimal

or minor participant.  He claims that his counsel failed to argue for this downward adjustment.

Movant contends that had his attorney done so, movant would have been sentenced to no more

than 235 months in prison, rather than the 292 months sentence that was ultimately imposed.  (Id.

at 7.)

/////

/////

GOVERNMENT'S RESPONSE

Respondent argues that, for the reasons set forth below, movant's ineffective assistance of counsel claims lack merit under the standards set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

I.  <u>The Decision to Proceed to Trial</u>

Citing <u>United States v. Rivera-Sanchez</u>, 222 F.3d 1057, 1060-61 (9th Cir. 2000), respondent argues that defense counsel's failure to persuade a defendant to take a plea offer is not ineffective assistance.  Rather, movant must show that there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and not gone to trial.  (Response at 5-6.) Respondent notes in this regard that movant provides no evidence in support of this claim other than his own statement which is insufficient to meet movant's burden of proof.  (<u>Id.</u> at 6.)

According to respondent, case law requires that trial counsel be given considerable leeway when advising a criminal defendant concerning a plea offer because it is difficult to determine in advance if a plea will prove to be advantageous to the defendant at the end of the day.  (<u>Id.</u>)  Thus, respondent argues, even if defense counsel's prediction about the ultimate sentence to be imposed proves to be wrong, this does not establish that counsel's performance was deficient.  (<u>Id.</u>)

Finally, respondent argues that the record in this case reflects that movant had an arguably defensible case and that his counsel's strategic decision to forego a plea and proceed to trial was not unreasonable under the circumstances.  (<u>Id.</u>)  In this regard, respondent points out that movant's brother and co-defendant, Jose Lopez, had most of the direct contacts with the narcotics supplier and the narcotics were found in the car belonging to co-defendant Alvarez and not in movant's possession.

II.  <u>The Decision Not to Testify at Trial</u>

Respondent asserts that movant waived his right to testify.  (<u>Id.</u> at 7.)  Citing <u>United States v. Edwards</u>, 897 F.2d 445 (9th Cir. 1990) and <u>United States v. Nohara</u>, 3 F.3d

1239, 1244 (9th Cir. 1993), respondent argues that the court has no duty to advise the defendant

of his right to testify and that "[w]hen a defendant is silent in the face of his attorney's decision

not to call him as a witness, he has waived his right to testify."  (Response at 7.)  Finally,

respondent argues that defense counsel had good reason in this case not to call movant as a

witness.  (Id.)  In this regard, respondent notes that it was movant who initiated the contact with

the informant/buyer, offered to help the informant sell narcotics, and had discussions with the

informant about the narcotics transaction in question as well as other transactions in which

movant claimed to have participated.  Moreover, respondent asserts that movant's meetings with

the informant were captured by DEA agents on audio and video tape.  (Id.)  Such evidence,

respondent contends, would have been difficult to explain away on cross-examination.

Therefore, the decision not to call movant to testify on his own behalf was not ineffective.

III.  Failure to Seek Role Reduction

Respondent acknowledges that under the United States Sentencing Guidelines a

defendant is entitled to a downward adjustment if he played a minor or minimal role in the

offense and was "'substantially less culpable than the average participant.'"  (Id. at 8) (quoting

U.S.S.G. § 3B1.2, comment.)  However, respondent contends that defense counsel merely

elected to present arguments that movant was less culpable than his co-defendants by way of a

motion for a downward departure rather than through objection to the guideline calculation set

out in the presentence report.  In this regard, a copy of the motion filed by counsel on movant's

behalf titled, "Defendant's Sentencing Memorandum Requesting Downward Departure," is

attached to respondent's response.  (Id., Attach. A.)  Respondent argues that defense counsel was

not ineffective in electing to raise the issue of disparity of sentencing among co-defendants by

motion for downward departure rather than by objecting to the pre-sentence report on role in the

offense grounds.  (Id. at 8.)  Respondent notes that in his motion for downward departure on

behalf of movant, defense counsel made the following substantive arguments:

/////

Here, Mr. Lopez faces a recommended guideline sentence of 292 months, about 24 1/2 years. He was clearly the least culpable of the 3 codefendants. He did not have access to the supplier of drugs, codefendant Sergio Alvarez, whom Mr. Lopez never met or spoke with. Codefendant Jose Maria Lopez provided the supplier of the ten pounds, Mr. Alvarez. He had prior contact with Mr. Alvarez. All Mr. Lopez provided was the buyer, the informant Carlos Valverde who pushed Mr. Lopez into the conduct.

Codefendant Sergio Alvarez was clearly the most culpable. As well, Mr. Alvarez has several prior convictions for drug sales, and was looking at a potential sentence of life imprisonment if he went to trial, because of his prior convictions for drug sales. He plead guilty before trial, and received an assurance from the United States that they would recommend a sentence of 13 years or less. Mr. Alvarez's past history of drug sales, and the fact that he was the main dealer in this case, makes his reduced sentence shocking compared to Mr. Lopez's sentence of 292 months (24-1/2 years) which is almost double Mr. Alvarez's sentence. As well, codefendant Jose Maria Lopez also will receive a sentence well below Mr. Lopez's, possibly around 10 years. His culpability is above Mr. Lopez's, although below Mr. Alvarez's.

(Response, Ex. A at 10-11.)

Finally, respondent argues that this claim fails because movant was not entitled to a downward adjustment under U.S.S.G. § 3B1.2 because he did not play a minor or minimal role in the offense and was not substantially less culpable than the average participant. In this regard, respondent again notes that movant initiated the first contact with the buyer/informant, movant conducted and controlled the negotiations, movant provided the sample to the informant, movant directed his brother and co-defendant Jose during the negotiations and told Jose to find out if the source could bring the drugs from Stockton and movant discussed prices and profit margins with the informant. (Id. at 8-9.) Because under these circumstances movant was not entitled to an offense reduction, respondent contends that movant's counsel was not ineffective in failing to obtain the reduction but instead arguing for a downward departure based upon the disparity of sentences imposed as to the co-defendants. (Id. at 9.)

/////

/////

7

1

MOVANT'S REPLY

2       In reply, movant argues that "persuading a defendant to go to trial when his co-
3   defendant's [sic] had already plead [sic] guilty is not an intelligent 'Objective [s]tandard of
4   reasonableness.'" (Reply at 2.)  Counsel's failure "to explain the substantial difference between
5   the likely sentencing ranges upon conviction as opposed to plea bargaining, was prejudicial
6   because defendant's trial sentence was significantly more severe that [sic] the sentence offered in
7   a plea." (Id. at 3.)  Finally, movant claims that his counsel's alleged reasoning that there was
8   insufficient evidence to prove the existence of a conspiracy was "simply unjustifiable specially
9   when co-defendant's [sic] had already plead-out." (Id.)

10      As for his claim that counsel provided ineffective assistance with respect to
11  sentencing issues, movant again argues that had his counsel succeeded in obtaining a role
12  reduction, movant's adjusted offense level would have been 33 (calling for a sentencing range of
13  168-210 months) or even 31 (with a sentencing range of 135-168 months). (Id. at 5.)  Movant
14  disagrees with respondent's contention that it was a tactical choice by his counsel to raise the
15  issue of his limited role in the offense by way of a motion for downward departure rather than as
16  an objection to the guideline calculation contained in the presentence report. (Id.)

17

ANALYSIS

18      In order to prevail on his claim that his counsel was ineffective, movant must
19  satisfy the two-part test set forth by the Supreme Court in Strickland v. Washington, 466 U.S.
20  668 (1984).  First, movant must show that, considering all the circumstances, counsel's
21  performance fell below an objective standard of reasonableness.  Id. at 687-88.  After a petitioner
22  identifies the acts or omissions that are alleged not to have been the result of reasonable
23  professional judgment, the court must determine whether, in light of all the circumstances, the
24  identified acts or omissions were outside the wide range of professionally competent assistance.
25  Id. at 690; Wiggins v. Smith, 539 U.S. 510, 521 (2003).  Second, a petitioner must establish that
26  he was prejudiced by counsel's deficient performance.  Strickland, 466 U.S. at 693-94.  Prejudice

1  is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the

2  result of the proceeding would have been different." Id. at 694.  A reasonable probability is "a

3  probability sufficient to undermine confidence in the outcome." Id.  See also Williams, 529 U.S.

4  at 391-92; Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000).  A reviewing court "need not

5  determine whether counsel's performance was deficient before examining the prejudice suffered

6  by the defendant as a result of the alleged deficiencies . . . .  If it is easier to dispose of an

7  ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be

8  followed." Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at

9  697).

10        In assessing an ineffective assistance of counsel claim "[t]here is a strong

11  presumption that counsel's performance falls within the 'wide range of professional assistance.'"

12  Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (quoting Strickland, 466 U.S. at 689).  There

13  is in addition a strong presumption that counsel "exercised acceptable professional judgment in

14  all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing

15  Strickland, 466 U.S. at 689).  However, that deference "is predicated on counsel's performance

16  of sufficient investigation and preparation to make reasonably informed, reasonably sound

17  judgments." Mayfield v. Woodford, 270 F.3d 915, 927 (9th Cir. 2001) (en banc).

18  I.  The Decision to Proceed to Trial

19        Movant attempts to show that his counsel's representation fell below an objective

20  standard of reasonableness by arguing that counsel provided faulty advice when he convinced

21  movant that "there existed insufficient evidence to prove that I was involved with the conspiracy,

22  and that I would most likely be acquitted at trial."  (Am. Mot. at 10.)[2]  However, as respondent

23

24        [2]  Movant's claim in this regard is based solely on his bare allegation that his lawyer told
   him there was insufficient evidence to convict of the conspiracy charge.  However, movant was
25  also convicted of possession of methamphetamine with the intent to distribute in violation of 21
   U.S.C. § 841(a)(1).  Movant makes no allegations as to his attorney's assessment of that charge,
26  or how that assessment allegedly impacted movant's decision to proceed to trial.

correctly points out, even if defense counsel did not accurately predict the outcome of movant's

trial, that does not mean that counsel was ineffective. As the Ninth Circuit has explained in

rejecting a somewhat similar claim of ineffective assistance:

> Kidd contends defense counsel erred in bringing the case to trial.
> The government had offered a plea bargain of a three-year
> maximum sentence; after trial, the judge sentenced Kidd to fifteen
> years. Counsel admitted that Kidd had committed the offense and
> proposed to present a defense of entrapment. However, he was
> unprepared to present any evidence of entrapment.
>
> It is true that counsel presented no evidence in Kidd's defense.
> Although he may have erred seriously in believing that he could
> create a sufficient doubt in the jury's mind about the government's
> conduct, his advice to Kidd to refuse the plea bargain was not
> incompetent. Counsel stated that his advice was based on his
> determination that a judge was not likely to impose a sentence after
> trial higher than that offered by the government. Although he
> turned out to be wrong, given the nature of the offense in this case,
> a reasonably competent counsel could not be expected to predict
> imposition of the maximum sentence.

United States v. Kidd, 734 F.2d 409, 414 (9th Cir. 1984). See also McMann v. Richardson, 397

U.S. 759, 769-70 (1970) ("Waiving trial entails the inherent risk that the good-faith evaluations

of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what

a court's judgment might be on given facts."); United States v. Martini, 31 F.3d 781, 782 n.1 (9th

Cir. 1994) ("Trials are difficult to predict, and advising a criminal defendant whether to accept or

reject a plea offer can be a tricky proposition . . . . To support a claim of ineffective assistance of

counsel under Strickland, the advice would have to fall outside a wide range of reasonable

professional assistance."); Cooks v. United States, 461 F.2d 530, 532 (5th Cir. 1972)

("Clairvoyance is not a required attribute of effective representation.").

       The undersigned is not persuaded by movant's argument that because his co-

defendants pled guilty to the conspiracy charge, it was clearly ineffective assistance of counsel to

permit movant to proceed to trial on that charge. The mere fact that movant's co-defendants pled

guilty does not overcome the presumption that his counsel's performance was within the "wide

1   range of reasonable professional assistance." Strickland, 466 U.S. at 689.  If the court were to

2   follow movant's logic, in all criminal cases where one co-defendant enters into a plea agreement,

3   counsel for the remaining co-defendants would be compelled to recommend to their clients that

4   they accept plea offers rather than proceed to trial.  Obviously, such a blanket policy would often

5   result in unsound advice since it would disregard the particular charges, facts, evidence and

6   potential legal challenges as applied to each co-defendant.

7               The court concludes that assuming counsel advised movant to reject an

8   unspecified plea offer and proceed to trial, the bare assertions presented by movant fail to

9   establish that counsel's advice constituted ineffective assistance.  In addition, movant has not

10  shown that he would not have gone to trial but for counsel's allegedly erroneous advice that the

11  conspiracy charge was defensible in his case.  See Doganiere v. United States, 914 F.2d 165, 168

12  (9th Cir. 1990) (finding no prejudice absent a showing that the defendant would have gone to

13  trial but for the erroneous advice).  Accordingly, movant is not entitled to relief on his first claim

14  of ineffective assistance of counsel.

15  II.  The Movant's Decision Not to Testify at Trial

16              Movant's claim that his counsel was ineffective in failing to call movant as a

17  witness at trial lacks merit as well.   Where, as here, "a defendant is silent in the face of his

18  attorney's decision not to call him as a witness, he has waived his right to testify." Nohara, 3

19  F.3d at 1244.  See also Edwards, 897 F.2d at 446-47 (holding that although there was a

20  misunderstanding between defendant and counsel, defendant waived his right to testify by

21  remaining silent at trial).

22              Even if movant had not waived his right to testify by remaining silent at trial when

23  he was not called to the stand, this claim would still fail.  For the reasons set forth by the

24  government in their response, defense counsel's decision not to put movant on the stand appears

25  to be well-advised.  See United States v. Oplinger, 150 F.3d 1061, 1072 (9th Cir. 1998) (in light

26  of the testimony and evidence the defendant would have had to contradict, counsel was not

ineffective in declining to call him as a witness).  Movant would have been hard-pressed on cross-examination to explain away the evidence with which he undoubtedly would have been confronted.  In attempting to do so he likely would have jeopardized the credibility of his entire defense.  Accordingly, relief should be denied as to this ineffective assistance of counsel claim as well.

III.  Counsel's Decision to Move for a Downward Departure Rather Than File Objections

The court finds that this claim is also without merit.  It is clear that in his motion for a downward departure at the time of sentencing, movant's counsel presented arguments seeking a reduced sentence based on movant's lesser culpability relative to that of his co-defendants.  (See Response, Ex. A.)  In that motion, defense counsel argued that the court should depart downward from the guideline sentencing range because of:  (1) the imperfect entrapment defense offered at trial indicating that movant was influenced to participate in the offense by the professional, paid government informant; (2) movant's offense conduct reflecting aberrant behavior on his part; (3) the disparity in sentencing that would result if the least culpable participant (movant) was sentenced in the guideline range while his more culpable co-defendants received far lesser sentences; (4) the constitutional concerns that would result from sentencing movant more harshly after he exercised his right to proceed to trial compared to co-defendants who pled guilty but were in fact more culpable; and (5) movant's age.  Thus, in moving for a downward departure at the time of sentencing, movant's counsel did in fact urge the sentencing judge to reduce the sentence imposed on movant due to his lesser culpability in relation to that of his co-defendants.  In short, counsel did all that could be done with respect to this sentencing issue.

Finally, movant has failed to show any prejudice resulting from counsel's decision to present these sentencing issues by way of a motion for downward departure.  As the government points out, any objection to the presentence report on the ground that movant was entitled to a down downward adjustment for playing only a minor or minimal role in the offense

12

would have been rejected.  The evidence at movant's trial revealed that movant initiated contact

with the informant, conducted the negotiations, provided the drug sample to the informant,

directed his brother and co-defendant during the negotiations and discussed prices and profit

margins with the informant.  Under these circumstances, movant was not entitled to an

adjustment under U.S.S.G. § 3B1.2 because he was not substantially less culpable than the

average participant in such a crime.[3]

       For all these reasons, the court  is persuaded that counsel's tactical decision to

raise these issues in a motion for downward departure rather than in objections to the presentence

report falls within the wide range of reasonable professional assistance.  Accordingly, movant is

not entitled to relief as to this claim.

MOTION FOR REINSTATEMENT OF APPRENDI CLAIM

       On October 18, 2004, movant filed a document styled, "Motion For Re-

Instatement Of Apprendi Claim, Reconsideration, Summary Judgment Or Alternately Release On

Personal Recognizance."  In that document, movant argues that his November 27, 2000 motion

for leave to amend his § 2255 motion should be construed as presenting an Apprendi claim for

the court's consideration or, in the alternative, as an amendment to his pending amended motion

under § 2255.  The movant's motion for reinstatement, reconsideration, summary judgment or

release will be denied.

       On March 4, 2002, the court issued an order in response to movant's motion to

amend and advised movant that he had not presented raised an Apprendi claim in his then-

pending § 2255 motion.  At that time the court also granted movant leave to file an amended §

2255 motion.  Thereafter, in his amended § 2255 motion filed on November 14, 2002, movant

/////

---

[3] This fact did not preclude his attorney from arguing that movant was nonetheless, the least culpable of the three defendants charged with the offenses in question and should not receive a sentence in excess of those more culpable than himself.  That is exactly the proper course his counsel chose to follow in moving for a downward departure on movant's behalf.

1  again chose not to allege an <u>Apprendi</u> claim.  Thus, an <u>Apprendi</u> claim is not properly before this
2  court.

3          Accordingly, IT IS HEREBY RECOMMENDED that:

4          1.  Movant's November 14, 2002 amended motion to vacate, set aside, or correct
5  his sentence pursuant to 28 U.S.C. § 2255 be denied;

6          2.  Movant's October 18, 2004 motion for reinstatement of his <u>Apprendi</u> claim,
7  reconsideration, summary judgment or release be denied; and

8          3.  The clerk of the court be directed to close the companion civil case No. 00-
9  1117 GEB DAD P.

10          These findings and recommendations are submitted to the United States District
11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
12  days after being served with these findings and recommendations, any party may file written
13  objections with the court and serve a copy on all parties.  Such a document should be captioned
14  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
15  shall be served and filed within ten days after service of the objections.  The parties are advised
16  that failure to file objections within the specified time waives the right to appeal the District
17  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

18  DATED: May 16, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

22  DAD:4
   lope0228.257

14