IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,

No. CR S-97-0228 GEB DAD P

vs.

LEOFREDO LOPEZ,

    Movant.

<u>AMENDED ORDER</u>

_____/

    Movant, a federal prisoner proceeding pro se, has filed a petition for writ of error audita querela pursuant to 28 U.S.C. § 1651 and 18 U.S.C. § 3231. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This order amends the order filed on September 28, 2011 (Doc. No. 167).

    On May 2, 2011, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. On August 22, 2011, movant was provided an additional twenty-one days to file his objections to the findings and recommendations. On September 28, 2011, movant filed a document styled, "Motion To Set Aside Magistrate Judge's Findings And Recommendations," which the undersigned construes as movant's objections.

1

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a <u>de</u> <u>novo</u> review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

      Accordingly, IT IS HEREBY ORDERED that:

      1. Movant's September 20, 2011 motion to set aside the magistrate judge's findings and recommendations is construed as movant's objections to the findings and recommendations;

      2. The findings and recommendations filed May 2, 2011, are adopted in full;

      3. Movant's March 25, 2010 petition for writ of error audita querela (Doc. No. 158) is denied; and

      4. No certificate of appealability shall issue because jurists of reason would not find it debatable that petitioner's petition for writ of error audita querela fails to provide an available remedy to challenge petitioner's 1998 conviction and sentence.  <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

Dated: October 31, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge